STATE OF WISCONSIN        CIRCUIT COURT      DANE COUNTY

2013 FAMILY COURT BRANCH
2013 SEP 13 PM 1: 15

In re the marriage of:

CIRCUIT COURT
DANE COUNTY WI

LUANNE M. KALSCHEUER
2082 Erb Road
Verona, WI 53593

and

MICHAEL L. KALSCHEUER
2082 Erb Road
Verona, WI 53593

Joint Petitioners.

**JOINT PETITION**
**FOR DIVORCE**

Case Classification: Divorce

Code No: 40101

Case No. __13FA1865__

The joint petitioner, Luanne M. Kalscheuer, appearing by Attorney Marilyn A. Dreger, and the joint petitioner, Michael L. Kalscheuer, appearing pro se, state as follows:

1. The husband, Michael L. Kalscheuer, was born August 12, 1956, and resides at 2082 Erb Road, in the Town of Springdale (Verona), Dane County, Wisconsin.

2. The wife, Luanne M. Kalscheuer, was born March 10, 1958, and resides at 2082 Erb Road, in the Town of Springdale (Verona), Dane County, Wisconsin.

3. The parties to this action were married on November 26, 1977, in East Bristol, Wisconsin.

4. Both parties have resided in Dane County for more than 30 days immediately preceding the commencement of this action; both parties have resided in the State of Wisconsin for more than six months immediately preceding the commencement of this action.

5. Two children have been born to or adopted by the parties to this marriage, both of whom are adults. Upon information and belief the wife is not pregnant at this time.

6. Both parties agree that the marriage is irretrievably broken.

7. No other action for divorce, annulment, or legal separation by either of the parties has been at any time commenced or is now pending in any other court or before any judge thereof in this state or elsewhere.

8. Neither party has been previously married.

9. The joint petitioners have not entered into any written agreements as to property division or maintenance.

10. Pursuant to Wis. Stat. § 840.10, this action affects real property. Therefore, the court will be required to confirm or change interests in the real property that is located at 2082 Erb Road, in the Town of Springdale, Dane County, Wisconsin.

11. The joint petitioners, Luanne M. Kalscheuer and Michael L. Kalscheuer, consent to the personal jurisdiction of the Family Court Branch of Dane County and waive any service of summons in this action in accordance with Wis. Stat. § 767.205(1).

JOINT PETITIONERS REQUEST THE FOLLOWING RELIEF:

A.   A judgment of absolute divorce
B.   A division of the property and debts of the parties
C.   Attorneys fees and costs
D.   Maintenance
E.   Income Assignment
F.   Such other relief as the Court deems appropriate.

**YOU ARE HEREBY NOTIFIED that pursuant to § 767.117, Wis. Stats., during the pendency of this action, both parties are prohibited from and may be held in contempt of court for:**

1.   Harassing, intimidating, physically abusing, or imposing any restraint on the personal liberty of the other party or a minor child of either of the parties;

2.   Encumbering, concealing, damaging, destroying, transferring, or otherwise disposing of property owned by either or both of the parties, without the consent of the other party or an order of the court, except in the usual course of business, in order to secure necessities, or in order to pay reasonable costs and expenses of the action, including attorney fees;

These restraining orders apply until the action is dismissed, a final judgment in the action is entered, or the court orders otherwise.

**A VIOLATION OF THE ABOVE RESTRAINING ORDERS MAY RESULT IN PUNISHMENT FOR CONTEMPT, WHICH MAY INCLUDE MONETARY PENALTIES, IMPRISONMENT, AND OTHER SANCTIONS AS PROVIDED FOR IN §785.04, STATS.**

Luanne M. Kalscheuer - Joint Petitioner          Michael L. Kalscheuer - Joint Petitioner

Marilyn A. Deeger,
Attorney for Luanne M. Kalscheuer
State Bar No. 1001608
200 W. Verona Avenue, Verona, WI 53593
(608) 845-9899

STATE OF WISCONSIN        CIRCUIT COURT        DANE COUNTY
FAMILY COURT BRANCH

In re the marriage of:

LUANNE M. KALSCHEUER

and        Case No. 13 FA 1865

MICHAEL L. KALSCHEUER,

Joint Petitioners.

# MARITAL SETTLEMENT AGREEMENT

This agreement is between Luanne M. Kalscheuer (hereinafter "Luanne") and Michael L. Kalscheuer (hereinafter "Michael"), joint petitioners. In consideration of the mutual terms and provisions as hereinafter stated, both parties agree that the terms and provisions of this agreement may be incorporated by the court in the pending divorce action between the parties in the conclusions of law and judgment to be entered therein; however, this agreement shall independently survive any such judgment; and in that respect the parties agree as follows:

## I. PERSONAL PROPERTY DIVISION

As a full, final, complete and equitable property division, each party is awarded the following personal property:

Luanne:

(1)    Household items and personal effects in her possession;
(2)    Cash and deposit accounts in her name;
(3)    2013 Malibu;
(4)    One-half of balance of GE 401(k) in Michael's name, after deducting balance of loan;
(5)    One-half of GE Pension plan in Michael's name, to be divided pursuant to a Qualified Domestic Relations Order (QDRO); and
(6)    One-half of IRA account in Michael's name.

Michael

(1)    Household items and personal effects in his possession;

(2) Cash and deposit accounts in his name;
(3) 2009 Malibu;  $-2008$ ?
(4) One-half of balance of GE 401(k) in his name, after deducting balance of loan;
(5) One-half of GE Pension plan in his name, to be divided pursuant to a Qualified Domestic Relations Order (QDRO); and
(6) One-half of IRA account in his name.

## II. DEBTS

A. Each party is responsible for any debt or liability incurred by him or her after the commencement of this divorce, and shall hold each other harmless for the payment thereof. Each party shall hold the other harmless from any claim by creditors to whom the obligations are owed, and shall hold the other harmless from any claim by said creditors against the security for any of said obligations, if there is any such security. Further, neither party shall charge upon the credit of the other, without specific permission to do so. Neither party shall contract any indebtedness or incur any liability for which the other may be held liable.

B. Should either party file bankruptcy or fail to pay the debts which they agreed to assume pursuant to this decree or comply with any obligations or property settlement, the party who suffers financial loss due to the failure of the other party to pay those debts or obligations, including property settlement, shall be reimbursed by the other party equal to the amount that they are required to pay, as well as the attorneys fees and costs incurred for having to enforce the terms of this decree.

C. With respect to each party's responsibility for payment of debts and liabilities the parties agree that these obligations are domestic support obligations as defined in 11 U.S.C. Sec. 101 (14A) and are nondischargeable under 11 U.S.C. Sec. 523 (a)(b) of the Bankruptcy Code.

## III. MAINTENANCE

A. Maintenance to Michael is waived and shall be denied pursuant to sec. 767.59(1c)(b). Wis. Stats.

B. Michael shall pay the amount of Two Thousand Five Hundred Dollars ($2,500.00) per month as maintenance to Luanne. Such payments shall be payable in the sum of One Thousand Two Hundred Fifty Dollars ($1,250.00) biweekly, commencing on the first payday after the court hearing granting the divorce.

C. Maintenance shall continue until further order of the court, but shall terminate on the death of either party or the remarriage of Luanne.

## XII. FULL DISCLOSURE AND RELIANCE

Pursuant to Sec. 767.127, Stats., each party warrants to the other that there has been an accurate, complete, and current disclosure of all income, assets, debts, and liabilities. Both parties understand and agree that deliberate failure to provide complete disclosure constitutes perjury. The property referred to in this Agreement represents all the property that either party has any interest in or right to, whether legal or equitable, owned in full or in part by either party, separately or by the parties jointly. This Agreement is founded on a financial disclosure statement of each party, an exhibit at trial, which documents are incorporated by reference herein. Both parties relied on these financial representations when entering into this Agreement.

The parties, with informed consent and after consulting with their respective attorneys, waive their right to engage in any further discovery and/or secure any appraisals. The parties acknowledge acceptance of the disclosure and discovery received by them or by their respective attorneys, up to the date of this Agreement and as set forth on the financial disclosure statements.

Pursuant to Wis. Stats. 767.63, this financial disclosure covenant also includes the disclosure of any asset with a fair market value of $500 or more which would be considered part of the estate of either or both of the parties if owned by either or both of them at the time of the commencement of this action, but which was transferred for inadequate consideration, wasted, given away or otherwise unaccounted for by one of the parties within one year prior to the filing of the petition or the length of the marriage, whichever is shorter.

Pursuant to Wis. Stats. 767.127, all information disclosed and set forth in any financial disclosure statement shall be confidential, and may not be made available to any person for any purpose other than the adjudication, appeal, modification or enforcement of the judgment in an action affecting marriage of the disclosing parties.

## XIII. SURVIVAL OF AGREEMENT AFTER JUDGMENT

Both parties agree that the provisions of this agreement shall survive any subsequent judgment of divorce and shall have independent legal significance. This Agreement is a legally binding contract, entered into for good and valuable consideration. It is contemplated that in the future either party may enforce this Agreement in this or any other court of competent jurisdiction.

_____
Luanne M. Kalscheuer, Joint Petitioner

Dated: _10 - 10 - 13_ , 2013

_____
Michael L. Kalscheuer, Joint Petitioner

Dated: _Sept 29_ , 2013

- 6 -

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY
                            FAMILY COURT BRANCH

In re the marriage of:

LUANNE M.  KALSCHEUER,

     and

MICHAEL L.  KALSCHEUER,

       Joint Petitioners.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
JUDGMENT OF DIVORCE**

Case No.  13 FA 1865



## <u>TRIAL</u>

| | |
|---|---|
| Presiding Judge: | The Honorable Frank D.  Remington |
| Place: | Dane County Courthouse<br>215 South Hamilton Street, Madison, Wisconsin |
| Date: | January 13, 2014 |
| Date of granting<br>judgment of divorce: | January 13, 2014 |
| Appearances: | Joint petitioner Luanne M.  Kalscheuer appeared in person and by<br>Attorney Marilyn A. Dreger; Joint petitioner Michael L.  Kalscheuer did<br>not appear. |

## <u>FINDINGS OF FACT</u>

1. For at least six months before the commencement of this action, both parties were
   continuous residents of the state of Wisconsin and of this county for at least 30 days prior
   to the commencement; 120 days have lapsed since the filing of the joint petition.

2. Luanne M. Kalscheuer, born March 10, 1958, resides at 154 West End Circle, City of
   Verona, Dane County, Wisconsin 53593.

3. Michael L. Kalscheuer, born August 12, 1956, resides at 5014 Piccadily Drive, City of
   Madison, Dane County, Wisconsin 53714.

Case 2:18-cv-01463-JPS   Filed 09/18/18   Page 6 of 24   Document 1-3

4. The parties were married on November 26, 1977.

5. There are no minor children of the parties. The wife is not pregnant.

6. Neither party has begun any other action for divorce, legal separation, or annulment anywhere.

7. The marriage is irretrievably broken.

8. Neither of the parties is, or at the commencement of this action was, a member of the Armed Forces of the United States as that term is used in the Soldier's and Sailor's Civil Relief Act of 1940, and as thereafter amended.

 9. Luanne M. Kalscheuer's assets, her interests therein, the values thereof, and her encumbrances and debts are found to be as set forth in her financial disclosure form, which was updated as required by statute on the record and marked as a exhibit at the time of trial and is on file herein.

10. The parties' Marital Settlement Agreement is found to be fair and reasonable, is approved in its entirety, and is incorporated by attachment as the judgment of this court.

## CONCLUSIONS OF LAW AND JUDGMENT

11. **Divorce**. The marriage between Luanne M. Kalscheuer and Michael L. Kalscheuer is dissolved and the parties are divorced effective immediately on the 13th day of January, 2014, except as the parties are informed by the court that under sec. 765.03(2), Stats.:

> It is unlawful for any person, who is or has been a party to an action for divorce in any court in this state, or elsewhere, to marry again until six months after judgment of divorce is granted, and the marriage of any such person solemnized before the expiration of six months from the date of the granting of judgment of divorce shall be void.

12. **Maintenance.**

   a. Maintenance to Michael L. Kalscheuer is waived and shall be denied pursuant to Sec. 767.59(a1c)(b).

   b. Commencing January 17, 2014, Michael L. Kalscheuer shall pay to Luanne M. Kalscheuer as maintenance the sum of Two Thousand Five Hundred Dollars

-2-

($2,500.00) per month, payable at the rate of One Thousand Two Hundred Fifty Dollars ($1,250.00) every other Friday thereafter.

13. **Maintenance Payments**.

   a.  Pursuant to Wis. Stat. § 767.265(1), all orders for maintenance and for the annual receiving and disbursing fee under Wis. Stat. § 767.57(1e)(a), constitute an assignment of all commissions, earnings, salaries, wages, pension benefits, benefits under Wis. Stat. ch. 102 or 108, lottery prizes that are payable in installments, and other money due or to be due in the future to the Wisconsin Support Collections Trust Fund (WI SCTF). The assignment shall be for an amount sufficient to ensure payment under the order, obligation, or stipulation and to pay any arrearage due at a periodic rate not to exceed 50% of the amount of support due under the order, obligation, or stipulation so long as the addition of the amount toward arrearage does not leave the party at an income below the poverty line established under 42 U.S.C. § 9902(2). The assignment shall take effect immediately. The court, circuit court commissioner or county child support agency under Wis. Stat. § 59.53(5) shall provide notice of the assignment by regular mail to the last-known address of the person from whom the payer receives or will receive money. If the WI SCTF does not receive the money from the person notified, the court, circuit court commissioner, or county child support agency under Wis. Stat. § 59.53(5) shall provide notice of the assignment to any other person from whom the payer receives or will receive money. Notice under this section may be a notice of the court, a copy of the executed assignment, or a copy of that part of the court order directing payment. If a party's current obligation to pay maintenance terminates but the party has an arrearage in such payments or in the payment of the annual receiving and disbursing fee, any assignment shall continue in effect, in an amount up to the amount of the assignment before the party's current obligation terminated, until the arrearage is paid in full.

   b.  Except as otherwise herein specifically provided, all payments provided for herein shall commence on January 17, 2014, and shall be made to WI SCTF at Box 74200, Milwaukee, WI 53274-0200 for the use of the person for whom the payments have been awarded. If for any reason the payment is not withheld from Michael L. Kalscheuer's income as provided, Michael L. Kalscheuer shall be responsible for making such payment directly to WI SCTF at Box 74200, Milwaukee, WI 53274-022. All moneys received or disbursement under this section shall be entered in a record kept by WI SCTF or its designee, whichever is appropriate, which shall be open to inspection by the parties to the action, their attorneys, and the circuit court commissioner. On the first day of each month, WI SCTF or its designee shall charge the account with the monthly amount of said required payments as herein ordered.

- 3 -

c.  If the maintenance payments ordered to be paid are not paid to WI SCTF at the time provided in the judgment or order, the county child support agency under Wis. Stat. § 59.53(5) or the circuit court commissioner of the county shall take such proceedings as he or she considers advisable to secure the payment of the sum, including enforcement by contempt proceedings under Wis. Stat. ch. 785 or by other means such as commitment to the county jail or house of correction until such judgment is complied with and the costs and expenses of the proceedings are paid or until the party committed is otherwise discharged according to law. Copies of any order issued to compel the payment shall be mailed to counsel who represented each party when the foregoing payments were awarded. Fees for such enforcement proceedings, including the fees of the circuit court commissioner, may be collected from the person proceeded against.

d.  For receiving and disbursing maintenance, including arrears in any such payments, and for maintaining the records required hereunder, the WI SCTF shall collect an annual fee of $65 to be paid by each party ordered to make payments pursuant to Wis. Stat. § 767.57(1e)(a). Accordingly, Michael L. Kalscheuer shall pay such annual fee at the time of, and in addition to, the first payment to the WI SCTF in each year for which payments are ordered or in which an arrearage in any such payments is owed. Such annual fee shall be withheld from the payer's income by income assignment and sent to the WI SCTF If such fee is not paid when due, the Department of Child and Families or its designee may not deduct the annual fee from any maintenance or arrearage payment, but may move the court for a remedial sanction under Wis. Stat. ch. 785. The department or its designee shall collect an annual fee of $25 from every individual receiving maintenance payments.

e.  Pursuant to Wis. Stat. § 767.58, both parties shall notify the county child support agency under Wis. Stat. § 59.53(5) in writing of any change of address within 10 business days of such change and shall further report such address change to WI SCTF at 1-800-991-5530. Further, the payer shall notify the county child support agency and the other party in writing within 10 business days of any change of employer and of any substantial change in the amount of his or her income including receipt of bonus compensation such that his or her ability to pay maintenance is affected. Such notification of any substantial change in the amount of the payer's income will not automatically result in a change of the order unless a revision of the order under Wis. Stat. § 767.59, or an annual adjustment of the support amount under Wis. Stat. § 767.553 is sought.

f.  Both parties shall provide to the county child support agency under Wis. Stat. § 59.53(5) his or her Social Security number, residential and mailing addresses,

- 4 -

telephone number, operator's license number, and the name, address, and telephone number of his or her employer. A party shall advise the county child support agency under Wis. Stat. § 59.53(5) of any change in the information required in this paragraph within 10 business days after the change.

g.    A party ordered to pay support shall pay simple interest at the rate of 1% per month on any amount in arrears that is equal to or greater than the amount of support due in one month. If the party no longer has a current obligation to pay support, interest at the rate of 1% per month shall accrue on the total amount of support in arrears, if any. Such interest is in lieu of interest computed under Wis. Stat. §§ 807.01(4), 814.04(4), or 815.05(8), and is paid to the WI SCTF under Wis. Stat. § 767.57.

h.    A withholding assignment or order under this section has priority over any other assignment, garnishment, or similar legal process under state law.

14.    **Marital Settlement Agreement.** The parties' Marital Settlement Agreement is appended to this judgment and incorporated by reference and is made the judgment of this court.

15.    **Restoration of Name**. Luanne M. Kalscheuer is restored the use of her former surname, to wit, Laufenberg.

16.    **Noncompliance.** Disobedience of court orders is punishable under ch. 785, Stats., by commitment to the county jail or house of correction until the judgment is complied with and the costs and expenses of the proceedings are paid or until the party committed is otherwise discharged, according to law.

17.    **Entry of Judgment.** The clerk of courts per sec. 806.06(1),(2), Stats., shall enter this judgment forthwith by affixing a dated file stamp.

18.    **Related Provisions of Judgment**. The court, pursuant to Wis. Stat. 767.61(5), hereby:

a.    Directs that title to the property of the parties be transferred as necessary, in accordance with the division of property set forth in this judgment.

b.    Notifies both parties that:

(1)    It may be necessary to take additional actions to transfer interests in their property in accordance with the division of property set forth in the judgment, including such interests as interests in real property, interests in retirement benefits, and contractual interests;

- 5 -

(2) The judgment does not necessarily affect the ability of a creditor to proceed against a party or against that party's property even though the party is not responsible for the debt under the terms of the judgment; and

(3) An instrument executed by a party before the judgment naming the other party as a beneficiary is not necessarily affected by the judgment and it may be necessary to revise the instrument if a change in beneficiary is desired.

Dated: January 16th, 2014.

BY THE COURT:

Frank D. Remington, Circuit Court Judge

- 6 -

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY
                        FAMILY COURT BRANCH

In re the marriage of:

LUANNE M. KALSCHEUER

          and                              Case No. 13 FA 1865

MICHAEL L. KALSCHEUER,

          Joint Petitioners.

## MARITAL SETTLEMENT AGREEMENT

This agreement is between Luanne M. Kalscheuer (hereinafter "Luanne") and Michael L.
Kalscheuer (hereinafter "Michael"), joint petitioners. In consideration of the mutual terms and
provisions as hereinafter stated, both parties agree that the terms and provisions of this agreement
may be incorporated by the court in the pending divorce action between the parties in the
conclusions of law and judgment to be entered therein; however, this agreement shall
independently survive any such judgment; and in that respect the parties agree as follows:

## I. PERSONAL PROPERTY DIVISION

As a full, final, complete and equitable property division, each party is awarded the
following personal property:

Luanne:

(1)     Household items and personal effects in her possession;
(2)     Cash and deposit accounts in her name;
(3)     2013 Malibu;
(4)     One-half of balance of GE 401(k) in Michael's name, after
        deducting balance of loan;
(5)     One-half of GE Pension plan in Michael's name, to be divided
        pursuant to a Qualified Domestic Relations Order (QDRO); and
(6)     One-half of IRA account in Michael's name.

Michael

(1)     Household items and personal effects in his possession;

(2)     Cash and deposit accounts in his name;

(3)     2009 Malibu;

(4)     One-half of balance of GE 401(k) in his name, after
        deducting balance of loan;

(5)     One-half of GE Pension plan in his name, to be divided
        pursuant to a Qualified Domestic Relations Order (QDRO); and

(6)     One-half of IRA account in his name.

## II. DEBTS

A. Each party is responsible for any debt or liability incurred by him or her after the
commencement of this divorce, and shall hold each other harmless for the payment thereof. Each
party shall hold the other harmless from any claim by creditors to whom the obligations are owed,
and shall hold the other harmless from any claim by said creditors against the security for any of
said obligations, if there is any such security. Further, neither party shall charge upon the credit of
the other, without specific permission to do so. Neither party shall contract any indebtedness or
incur any liability for which the other may be held liable.

B. Should either party file bankruptcy or fail to pay the debts which they agreed to assume
pursuant to this decree or comply with any obligations or property settlement, the party who suffers
financial loss due to the failure of the other party to pay those debts or obligations, including
property settlement, shall be reimbursed by the other party equal to the amount that they are
required to pay, as well as the attorneys fees and costs incurred for having to enforce the terms of
this decree.

C. With respect to each party's responsibility for payment of debts and liabilities the parties
agree that these obligations are domestic support obligations as defined in 11 U.S.C. Sec. 101 (14A)
and are nondischargeable under 11 U.S.C. Sec. 523 (a)(b) of the Bankruptcy Code.

## III. MAINTENANCE

A. Maintenance to Michael is waived and shall be denied pursuant to sec. 767.59(1c)(b),
Wis. Stats.

B. Michael shall pay the amount of Two Thousand Five Hundred Dollars ($2,500.00) per
month as maintenance to Luanne. Such payments shall be payable in the sum of One Thousand
Two Hundred Fifty Dollars ($1,250.00) biweekly, commencing on the first payday after the court
hearing granting the divorce.

C. Maintenance shall continue until further order of the court, but shall terminate on the
death of either party or the remarriage of Luanne.

- 2 -

D. Pursuant to I.R.C. § 71, the maintenance payments shall be included as income on Luanne's income-tax returns beginning in calendar year 2014. In addition, such payments shall be a deduction on Michael's income-tax returns pursuant to I.R.C. § 215, beginning in the same calendar year.

E. All maintenance payments shall be made in cash or by money order or certified check, and made payable to the Wisconsin Support Collections Trust Fund, P.O. Box 74200, Milwaukee, WI 53274-0200. If the maintenance payments are made by personal check, they shall be paid 14 days in advance.

F. Both parties shall notify the Dane County child support agency and the other party of any change of address within 10 days after such change pursuant to Wis. Stat. § 767.58. Further, Michael shall notify the Dane County child support agency and the other party within 10 days after any change of employer and of any substantial change in the amount of his income such that his ability to pay maintenance is affected.

G. Luanne shall immediately notify the clerk of court and Michael in writing in the event that she remarries before the termination of maintenance payments.

## IV. LIFE INSURANCE

A. Effective as of the date of the hearing granting the divorce, Michael shall keep in full force and effect and pay the premiums on a life insurance policy in the amount of $200,000. Luanne shall be designated as the primary beneficiary on said life insurance policy.

B. Michael shall maintain the designated beneficiary until there is no further obligation to pay maintenance. When the obligation to provide life insurance coverage terminates under this Agreement, Michael is free to designate any beneficiary of his choice.

C. During the term of the obligation to maintain insurance, Michael shall furnish to Luanne, upon request, a copy of such policy, or evidence that proper life insurance is in force, with the appropriate beneficiary designation in effect.

D. Michael shall borrow against any such policy or use any such policy as collateral or impair its value in any manner without the express written consent of the other party or order of the Court.

E. Michael shall notify the appropriate life insurance company as to all of the terms of this Agreement related to life insurance.

F. A constructive trust shall be imposed over the proceeds of said insurance if any other beneficiary should receive any of the said proceeds.

- 3 -

## V. TAXES

A. <u>2013 State and Federal Tax Returns</u>. The parties agree to file joint federal and state income tax returns for the year 20013, and shall share equally the cost of preparation. The parties shall share equally any refunds and each be responsible for payment of one-half of any tax liabilities.

B. <u>2014 Federal and State Income Tax Returns</u>. The parties shall file tax returns for 2014 in a manner consistent with marital property laws and the standards established by the IRS and Wisconsin Department of Revenue for declaring income and deductions from January 1, 2014 to the date of the divorce trial. The parties agree to make adjustments between themselves, as necessary, so each party is responsible for their own taxes as if they were single for the entire year.

C. <u>Tax Cooperation</u>. The parties agree to cooperate with each other in relation to the exchange of all necessary documentation which would permit each party to file complete and accurate 2013 income tax returns. If either party fails to provide the necessary information in a timely fashion, he or she shall be responsible for reasonable accounting and attorney's fees incurred by the other party as a result of such failure. Both parties agree, from this time forward, not to assert a position in the preparation and filing of their income tax returns, whether single or jointly with another inconsistent with the terms and conditions of this Agreement.

D. <u>Tax Liabilities Prior to 2013</u>. In the event that the parties shall become liable for any income taxes, penalties or interest for any year prior to 2013, the parties shall be equally responsible for the same as well as be equally responsible for any accounting fees and attorney fees related to these tax obligations, except that any such liability which relates to fraud or misrepresentation shall be the obligation of the party who committed the fraud or misrepresentation.

E. <u>Capital Gain Taxes</u>. Each of the parties shall pay all of his or her capital gain taxes, including interest, deficiencies and penalties, should any be incurred in the sale of property transferred pursuant to this Agreement and sold to third parties. The parties acknowledge that they have been advised that assets received by title transfer from one party to the other, pursuant to Internal Revenue Code Section 1041, are received with a carryover basis, subject to all liens and/or encumbrances existing at the time of the title transfer. This Code Section and the carryover basis rules of the Section also include potential liability for investment tax credit or depreciation recapture which the party receiving title to real estate or other assets assumes as part of the overall responsibility assumption under the terms of this Agreement. Each party shall cooperate with the other and shall provide the other with basis information as required by the July 18, 1984 amendments to the Internal Revenue Code and Temporary Regulations enacted in 1984, or shall state that no basis data is available.

- 4 -

## VI. ATTORNEY FEES

Each of the parties shall be responsible for his or her own attorney fees, no contribution being required by either party.

## VII. LEGAL SURNAME RESTORATION

The petitioner shall have the right forthwith to resume the use of her former legal surname of Laufenberg in the future in the event that she desires to do so.

## VIII. EXECUTION OF DOCUMENTS

Now or in the future, on demand, the parties agree to execute and deliver any and all documents that may be necessary to carry out the terms and conditions of this agreement.

## IX. VOLUNTARY EXECUTION

Both parties acknowledge that they have entered into this Marital Settlement Agreement of their own volition with full knowledge and information, including tax consequences. In some instances, the Agreement represents a compromise of disputed issues. Both parties assume equal responsibility for the entire contents of the agreement. Each believes the terms and conditions to be fair and reasonable under the circumstances. No coercion or undue influence has been used by or against either party in making this Agreement. All of the Agreement's terms are intertwined and interconnected and shall not be severed or modified interdependent.

## X. DIVESTING OF P

Except as otherwise provided for in this Ag each party waives, renounces, and gives up all right awarded to the other. All property and money recei separate property of the respective parties, free and other party, and each party shall have the right to d property as fully and effectively as if the parties ha

## XI. MUTUAL GEN

Each party releases the other from any claim date of the execution of this document. Neither party may, at any time hereafter, sue the other, or his or her heirs, personal representatives, and assigns, for the purpose of enforcing any or all of the rights relinquished and/or waived under this Agreement. Both parties also agree that in the event any suit shall be commenced, this release, when pleaded, shall constitute a complete defense to any such claim or suit so instituted by either party.

- 5 -

## XII. FULL DISCLOSURE AND RELIANCE

Pursuant to Sec. 767.127, Stats., each party warrants to the other that there has been an accurate, complete, and current disclosure of all income, assets, debts, and liabilities. Both parties understand and agree that deliberate failure to provide complete disclosure constitutes perjury. The property referred to in this Agreement represents all the property that either party has any interest in or right to, whether legal or equitable, owned in full or in part by either party, separately or by the parties jointly. This Agreement is founded on a financial disclosure statement of each party, an exhibit at trial, which documents are incorporated by reference herein. Both parties relied on these financial representations when entering into this Agreement.

The parties, with informed consent and after consulting with their respective attorneys, waive their right to engage in any further discovery and/or secure any appraisals. The parties acknowledge acceptance of the disclosure and discovery received by them or by their respective attorneys, up to the date of this Agreement and as set forth on the financial disclosure statements.

Pursuant to Wis. Stats. 767.63, this financial disclosure covenant also includes the disclosure of any asset with a fair market value of $500 or more which would be considered part of the estate of either or both of the parties if owned by either or both of them at the time of the commencement of this action, but which was transferred for inadequate consideration, wasted, given away or otherwise unaccounted for by one of the parties within one year prior to the filing of the petition or the length of the marriage, whichever is shorter.

Pursuant to Wis. Stats. 767.127, all information disclosed and set forth in any financial disclosure statement shall be confidential, and may not be made available to any person for any purpose other than the adjudication, appeal, modification or enforcement of the judgment in an action affecting marriage of the disclosing parties.

## XIII. SURVIVAL OF AGREEMENT AFTER JUDGMENT

Both parties agree that the provisions of this agreement shall survive any subsequent judgment of divorce and shall have independent legal significance. This Agreement is a legally binding contract, entered into for good and valuable consideration. It is contemplated that in the future either party may enforce this Agreement in this or any other court of competent jurisdiction.

Luanne M. Kalscheuer, Joint Petitioner

Dated: _10 - 10 - 13_ , 2013

Michael L. Kalscheuer, Joint Petitioner

Dated: _Sept 29_ , 2013

- 6 -

**MARILYN A. DREGER**
ATTORNEY AT LAW

200 WEST VERONA AVENUE
VERONA, WI 53593
(608) 845-9899    FAX: (608) 845-9766

June 5, 2014

Attorney Karen K. Gruenisen
Gruenisen Law Office, S.C.
P.O. Box 46572
Madison, WI 53744-6572

      Re:    In re the marriage of Luanne M. Kalscheuer and Michael L. Kalscheuer
              Dane County Circuit Court Case No. 13 FA 1865

Dear Karen:

Thank you for agreeing to prepare the QDROs in the above referenced matter. The following is the information you requested:

1.    Findings of Fact, Conclusions of Law and Judgment of Divorce, together with the first two pages of the Marital Settlement Agreement which address awarding of the GE retirement plans.

2.    Luanne's current address: 501 Little Fox Trail, Mt. Horeb, WI 53572
      Michael's current address: 5014 Piccadilly Drive, Madison, WI 53714

3.    Luanne's social security number: 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
      Michael's social security number: 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

4.    Luanne's date of birth: March 10, 1958
      Michael's date of birth: August 12, 1956

5.    Please contact Luanne directly for the information on the GE retirement plans.

6.    Luanne has agreed to be responsible for payment of your fees.

Please contact Luanne directly for any further information you need. She can be reached at (608) 712-0273 or by email at luannkalsch@aol.com. We are trying to keep me out of the middle, but if

Attorney Karen K. Gruenisen
June 5, 2014
Page 2

you need my assistance, email me at veronalaw@cs.com. By the way, Michael was not
represented in this matter and was not cooperative.

Again, thank you for assistance.

Very truly yours,

Marilyn A. Dreger

Enclosures
cc:    Ms. Luanne M. Kalscheuer (w/o enc)


**G**RUENISEN
Law Office, S.C.

**RECEIVED**

September 24, 2014

**SEP 25 2014**

Honorable Frank D. Remington
Dane County Circuit Court, Branch 8
215 S. Hamilton Street, Room 4103
Madison, WI 53703-3292

**DANE COUNTY CIRCUIT COURT**

**Karen K. Gruenisen**
Attorney At Law

PO Box 46572
Madison, WI 53744-6572

Tel: (608) 278-1743
Fax: (608) 274-8318

kgruenisen@att.net

Re: In Re the Marriage of Luanne M. Kalscheuer and Michael L. Kalscheuer
Case No. 13 FA 1865
Qualified Domestic Relations Orders ("QDROs")

Dear Judge Remington:

I was asked by Attorney Marilyn Dreger and Luanne Kalscheuer to prepare two Qualified Domestic Relations Orders ("QDROs") pertaining to the assignment of a portion of Michael Kalscheuer's retirement benefits in accordance with the Marital Settlement Agreement in the divorce action referred to above. As requested, I prepared QDROs for the *Instrumentarium Savings Investment Plan* and the *Retirement Income Plan for Bargaining Unit Employees of Datex-Ohmeda, Inc.*

I am enclosing for your review and execution two sets of duplicate QDROs pertaining to Mr. Kalscheuer's benefits under the *Instrumentarium Savings Investment Plan* and the *Retirement Income Plan for Bargaining Unit Employees of Datex-Ohmeda, Inc.*. The QDROs have been approved by Luanne Kalscheuer and Attorney Dreger. The QDROs have also been pre-approved by the respective Plan Administrators. The QDROs effectuate the Judgment of Divorce, and Marital Settlement Agreement incorporated by reference, granted January 13, 2014.

I sent the QDROs to Mr. Kalscheuer on August 22, 2014 and asked him to sign the QDROs and return them to me. Subsequently, Mr. Kalscheuer retained Attorney Ginger Murray. Neither Mr. Kalscheuer nor Attorney Murray have responded to my requests for Mr. Kalscheuer to sign the QDROs. Therefore, I ask you to enter the enclosed QDROs if Attorney Murray does not contact your office within 5 business days of the date of this letter to object to the entry of the QDROs.

After the QDROs have been entered, please file one original QDRO for each Plan in the Court's file. Please arrange to have the duplicate QDROs certified and returned to me in the envelope provided. My check in the amount of $10.00 for the certification fees is enclosed.

If you have any questions, please contact me or Attorney Dreger. Thank you.

Sincerely,

GRUENISEN LAW OFFICE, S.C.

Karen K. Gruenisen

GRUENISEN LAW OFFICE, S.C.
Honorable Frank D. Remington
September 24, 2014
Page 2

Enclosures
cc:    Attorney Marilyn Dreger (w/o encl.)
        Attorney Ginger Murray (w/encl.)
        Ms. Luanne M. Kalscheuer (w/o encl.)
        Mr. Michael L. Kalscheuer (w/encl.)



**YOUR FAM|LY**
L A W · C E N T E R

**ATTORNEYS:**
GINGER L. MURRAY
PRESIDENT

MEGAN E. CORNING
ASSOCIATE

KARI KASTENHOLZ
ASSOCIATE

152 W. JOHNSON STREET, SUITE 210
MADISON, WISCONSIN 53703
TELEPHONE: (608) 819-6800
FACSIMILE: (608) 709-1361

yourfamilylawcenter.com

**SUPPORT STAFF:**
ELIZABETH CYRUS
PARALEGAL

ASHLEY A. RENZ
LEGAL ASSISTANT
(608) 709-5273
ashley@yourfamilylawcenter.com

July 7, 2015

**SENT VIA US MAIL**
Luanne Kalscheuer
320 West Broadway, Apt 216
Monona, WI  53716

RE:   **Luanne M. Kalscheuer and Michael L. Kalscheuer**
      **Dane County Case No. 13FA1865**

Dear Luanne:

Enclosed please find a filed-stamped copy of the Respondent's Notice of Motion and Motion for Modification of Maintenance and Respondent's Affidavit in Support of Motion to Modify Maintenance which is set to be heard by Commissioner Brian Asmus on August 21, 2015 at 11:20 a.m. in the above referenced matter.

Please give our office a call at the number listed above if you are interested in setting up a settlement conference with Attorney Ginger L. Murray and Michael Kalscheuer before the hearing date in an effort to reach a resolution without the need for a hearing.

Very truly yours,

**YOUR FAMILY LAW CENTER, S.C.,**

*Ashley A. Renz*

Ashley A. Renz
Legal Assistant

STATE OF WISCONSIN        CIRCUIT COURT        DANE COUNTY
BRANCH 8

In re the dissolved marriage of:

Luanne M. Kalscheuer,

        Joint Petitioner-Wife

Case No. 13 FA 1865

**FILED**

JUL 7 2015

DANE COUNTY CIRCUIT COURT

-and-

Michael L. Kalscheuer,

        Joint Petitioner-Husband.

---

## RESPONDENT'S NOTICE OF MOTION AND MOTION
## FOR MODIFICATION OF MAINTENANCE

---

To:    Luanne Kalscheuer
       320 West Broadway, Apt 216
       Monona, WI 53716

    1.    The Respondent, Michael L. Kalscheuer, by his attorneys, Your Family Law Center, S.C, will move the court pursuant to Wis. Stat. § 767.59 to grant a modification of the maintenance award.

    2.    This motion will be heard as follows:

        BEFORE:    Honorable Brian Asmus

        PLACE:    Dane County Courthouse
                 215 South Hamilton Street
                 Madison, WI 53703

        DATE:    _Aug 21 2015_

        TIME:    _11:30 am_

3.    The basis for this motion is set forth in the attached affidavit.

Dated: _July 2, 2015_

                                    Your Family Law Center, S.C.
                                    Attorneys for Respondent

                                    _Ginger L. Murray_
                                    Ginger L. Murray
                                    State Bar No. 1028352
                                    Your Family Law Center
                                    152 W. Johnson Street, Suite 210
                                    Madison, WI 53703
                                    (608) 819-6800

THIS IS AN AUTHENTICATED COPY OF THE
ORIGINAL DOCUMENT FILED WITH THE DANE
COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT