# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LUANNE MARIE KALSCHEUER,<br><br>                  Plaintiff,<br><br>v.<br><br>JUDGE FRANK REMINGTON,<br>GINGER MURRAY, and MICHAEL<br>KALSCHEUER,<br><br>                  Defendants. | Case No. 18-CV-1463-JPS<br><br>**ORDER** |

On September 18, 2018, Plaintiff filed a *pro se* complaint alleging that Defendants violated her rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or

persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a *pro se* litigant's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are, to put it generously, difficult to follow. It appears that she was involved in a divorce proceeding with her ex-husband, Michael Kalscheuer ("Michael"), in Dane County Circuit Court. She says he abused her for forty years of marriage. Plaintiff claims that he has also breached their marital settlement agreement in various ways, including failure to pay her "maintenance." She also seems to think it is unfair that Michael requested that she pay his attorneys' fees in the proceeding. Plaintiff alleges that Judge Frank Remington, who presided over the divorce proceeding, and attorney Ginger Murray, apparently Michael's attorney, conspired with Michael to breach the marital agreement.

Plaintiff's allegations do not invoke this Court's jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Plaintiff's complaint does not assert either. The thrust of her lawsuit is that she believes the divorce proceeding has been unfair to her and that Michael breached the marital settlement with the assistance of the other defendants. Both of these issues are matters of state law, to be raised within

the divorce proceeding itself or in a separate action in state court. Though she repeatedly uses the words "conspiracy" and "discrimination," these do not transform her allegations into a cognizable federal claim against any of the defendants. Further, all of the parties are residents of Wisconsin, so there is no diversity jurisdiction.[1] The Court must, therefore, deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action without prejudice for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] It also appears that each of the parties is located in the territory of the U.S. District Court for the Western District of Wisconsin, so that venue is in any event improper in this Court.